IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KENNETH FEASTER, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SCHLUMBERGER, CAMERON, A § <br> SCHLUMBERGER COMPANY, JOSE § <br> DANIEL GONZALEZ, KIRBY § <br> MCFADDEN § <br> § <br> *Defendants.* § | CASE NO. 6:22-CV-00226-JDK-KNM |

**REPORT & RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss (Doc. No. 12) filed on behalf of Defendants Cameron, a Schlumberger Company, Jose Daniel Gonzalez, Kirby McFadden, and Schlumberger. Defendants seek dismissal of Plaintiff's Complaint (Doc. No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and for failure to exhaust remedies with the EEOC prior to filing suit. Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**.

**BACKGROUND**

Kenneth Feaster ("Plaintiff" or "Feaster") filed his Complaint on June 17, 2022, against Defendants: Cameron, a Schlumberger Company ("Cameron"); Jose Daniel Gonzalez ("Gonzalez"); Kirby McFadden ("McFadden"); and Schlumberger (collectively, "Defendants").[1] In his Complaint, Plaintiff alleges termination, retaliation, and discrimination based on race and color in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.[2] In his EEOC

---

[1] Compl., Doc. No. 1.
[2] *Id.* at 4.

1

charge, Plaintiff exclusively alleged racial discrimination and did not allege discrimination based upon color, sex, or gender, as Plaintiff later alleges in his pleadings.[3]

Upon Plaintiff filing suit, summonses were issued as to all Defendants.[4] Summonses were returned executed as to McFadden and Cameron and returned unexecuted as to Gonzalez and Schlumberger.[5] The Court noted in its Show Cause Order of September 19, 2022 (Doc. No. 15) that service of process had not been completed as to Gonzalez and Schlumberger.[6,7] Plaintiff disagrees and insists that proper service has been executed as to all Defendants.[8]

Defendants filed their Motion to Dismiss (Doc. No. 12) on July 19, 2022, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim, as well as alleging Plaintiff's failure to exhaust remedies with the EEOC prior to filing his Complaint for some claims. Plaintiff failed to respond to Defendant's Motion to Dismiss and the Court issued a Show Cause Order on September 19, 2022 (Doc. No. 15). Plaintiff then filed a response to the Motion to Dismiss (Doc. No. 17) and a response to the Show Cause Order (Doc. No. 18) on September 29, 2022. Defendants filed a reply in support of their Motion on October 13, 2022.[9]

## Legal Standard

### *12(b)(6) Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court credits allegations in plaintiff's complaint as true except to the extent allegations are

---

[3] *See* Pl.'s EEOC Right to Sue Letter, Doc. No. 1-1; *see also* Pl.'s Resp., Doc. No. 17, pp. 2, 13.
[4] Doc. No. 7.
[5] Doc. Nos. 8-11.
[6] Proper service has still not to date been executed as to Gonzalez and Schlumberger.
[7] The Court's Show Cause Order (Doc. No. 15) required Plaintiff to show cause as to why the action should not be dismissed for failure to prosecute due to Plaintiff's failure to respond to Defendant's Motion to Dismiss despite being emailed instructions regarding ECF registration twice.
[8] *See* Pl.'s Resp., Doc. No. 17 at 2, 10; Pl.'s Resp. to Ord., Doc. No. 18 at 4.
[9] Def.'s Reply, Doc. No. 22.

controverted by a defendant's affidavits. *Nunes v. NBCUniversal Media, LLC*, 2022 U.S. Dist. LEXIS 16164, at *4-5 (E.D. Tex. 2022). The Court does not need to credit conclusory allegations, even when uncontroverted. *Applied Food Scis., Inc. v. New Star 21, Inc.*, 2009 WL 9120113, at *2 (W.D. Tex. 2009) (citing *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)).

The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level" (internal citations omitted). *Id.* In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 663.

## Analysis

Defendants argue that Plaintiff's race discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981 must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     Race Discrimination under Title VII and 42 U.S.C. § 1981**

In a disparate treatment inquiry under Title VII, Plaintiff must establish a prima facie case of discrimination by showing that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse action by the employer; and (4) that others, outside his protected group and similarly situated, were treated more favorably than he. *Pisharodi v. Valley Baptist Medical Center*, 393 F. Supp. 2d 561, 572 (S.D. Tex. 2005). "The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *Shiyan Jiang v. Texas Commission on Environmental Quality*, 321 F. Supp. 3d 738, 750 (W.D. Tex. 2018); *see Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *Graham v. JPMorgan Chase Bank, Nat. Ass'n*, No. 4:13-CV-1410, 2015 WL 4431199, at *11 (S.D. Tex. July 17, 2015). Although the analysis is the same, contractual discrimination claims under § 1981 require the plaintiff to show: (1) that he is a member of a racial minority; (2) that defendant intended to discriminate on the basis of race; and (3) that discrimination concerned termination of an employment contract. *Shiyan Jiang*, 321 F. Supp. 3d at 750 (citing *Body by Cook, Inc.*, 869 F.3d at 386); *Perry v. VHS San Antonio Partners, LLC*, 990 F.3d 918, 931 (5th Cir. 2021); *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). "Section 1981 does not supply 'a general cause of action for race discrimination.'" *Perry*, 990 F.3d at 931 (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 258 (5th Cir. 2003).

Defendants argue that there is no evidence that Plaintiff was qualified for his position nor that he was treated less favorably than similarly situated employees outside the protected group.[10]

Plaintiff claims that he was "severed from his position" and "replaced by a white female who was injured and subsequently failed at the position and was subsequently and currently

---

[10] Mot. to Dismiss, Doc. No. 12 at 6-7.

4

replaced by a colleague of [Plaintiff], a black male as [Plaintiff][.]" Pl.'s Resp., Doc. No. 17 at 1; *see* Doc. No. 17 at 13 ("Defendant violated Plaintiff's Civil Rights by replacing him with a white female."). Plaintiff also alleges that a "conspiracy" exists between the EEOC and the Defendants, wherein "white female staffers" "intercepted" Plaintiff's correspondence, thereby "prevent[ing] an appellate reversal of EEOC's disposition of plaintiff's matter."[11] Plaintiff asserts that there was never an EEOC investigation or evaluation by the Defendants of his "superb work performance" as he has never been given any evidence of such.[12] Further, Plaintiff states that the EEOC's conclusion that Defendants participated in a well-documented reduction in force "confirms [the EEOC's] obvious collusion with defendant and racist actions towards plaintiff" because Plaintiff's job is so critical that it cannot be terminated.[13]

For Plaintiff's racial discrimination claims under Title VII and § 1981 to survive Defendants' Motion to Dismiss, Plaintiff must plead facts showing that: (1) others, similarly situated and outside his protected group, were treated more favorably than he; or (2) Defendants intentionally discriminated against him on the basis of his race. *See Pisharodi v. Valley Baptist Medical Center*, 393 F. Supp. 2d 561, 572 (S.D. Tex. 2005). For a plaintiff to show a comparator outside his protected group who is similarly situated requires the plaintiff to show the comparator was treated more favorably "under nearly identical circumstances." *Alkhawaldeh v. Dow Chemical Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). The comparator must hold the same job, share the same supervisor with the plaintiff or have his employment status determined by the same person, and have a history of violations or infringements similar to that of the plaintiff. *Id*. Here, Plaintiff identifies one other

---

[11] *Id*. at 5-7.
[12] *Id*. at 8-9.
[13] *Id*. at 10.

5

inspector that holds his position as being a white male and asserts that there are only two of these "critical" positions titled "inspector" working for Defendants.[14] The Court assumes, for the purpose of this motion, that the appropriate comparator is the white male identified by Plaintiff, and that the comparator and the Plaintiff have the same job and supervisor.[15] Plaintiff alleges that the comparator was "of lesser rank in both time and service on the job and was not terminated or laid off[.]"[16] However, Plaintiff offers no factual allegations that the comparator—whose position remained—had a similar history of workplace performance and infringements to that of the Plaintiff. Here, Plaintiff alleges that his complaints as to the treatment of hourly wage workers resulted in his termination.[17] There is no evidence that the comparator had a similar history of complaints regarding the conditions of hourly wage workers. *See Alkhawaldeh*, 851 F.3d at 426. Therefore, Plaintiff has failed to plausibly allege that another, outside his protected group and similarly situated, was treated more favorably.

Although Plaintiff alleges that he was discriminated against because of his race, Plaintiff offers no factual allegations to support this conclusory claim. Plaintiff's statement that "because [he] was a black male [he] was unfairly retaliated against" is conclusory and thus, insufficient.[18] Moreover, Plaintiff states that he was replaced by a white female who was subsequently replaced by a black male.[19] This allegation undermines Plaintiff's position that he was discriminated against because of his race and that others outside his protected group were treated more favorably. For these reasons, Plaintiff has not established a prima facie case of race discrimination under either Title VII or § 1981.

---

[14] Pl.'s Resp., Doc. No. 17 at 6.
[15] *Id*. at 6, 7, 8.
[16] *Id*. at 8.
[17] Compl., Doc. No. 1 at 5.
[18] *See id*.
[19] *See* Pl.'s Resp., Doc. No. 17 at 1.

**II.     Retaliation under Title VII and 42 U.S.C. § 1981**

Title VII makes it unlawful for an employer to retaliate against an employee who opposes employment practices made unlawful by Title VII. 42 U.S.C. § 2000e-3(a); *see Brown v. United Parcel Service, Inc.*, 406 Fed. Appx. 837, 839 (5th Cir. 2010). However, Title VII does not protect opposition to all forms of unscrupulous conduct (quotations omitted). *Brown*, 406 Fed. Appx. at 840; *see Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (noting that Title VII is not a "general civility code for the American workplace"). Title VII protects only opposition to discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

To establish a prima facie case of retaliation under Title VII or § 1981, Plaintiff must show: (1) he participated in activity protected by Title VII; (2) he was discharged or suffered some adverse employment action; and (3) a causal connection exists between the protected activity and adverse employment action. *Flowers v. Texas Military Dept.*, 391 F. Supp. 3d 655, 667 (S.D. Tex. 2018); *Body by Cook, Inc.*, 869 F.3d at 390. The employee has engaged in a protected activity if he has: (1) opposed any practice made an unlawful employment practice; or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. *Flowers v. Texas Military Dept.*, 391 F. Supp. 3d 655, 668 (S.D. Tex. 2018). Additionally, for a retaliation claim under § 1981, a plaintiff must plausibly allege facts showing that "race was a but-for cause" of his injury. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S.Ct. 1009, 1014 (2020).

Defendants assert that Plaintiff's retaliation claims fail because Plaintiff does not identify a protected activity he was engaged in prior to his termination and does not allege any facts of

retaliation.[20] Defendants state that Plaintiff offers no factual allegations to support the causal connection element of the claim and merely offers conclusory statements.[21] Defendants assert that Plaintiff's § 1981 retaliation claim also fails because Plaintiff's allegations do not establish that but for his race, he would not have been terminated.[22]

Plaintiff argues that "race was the issue."[23] Plaintiff alleges that "on November 6, 2020, [Plaintiff] asked [McFadden], a salaried white male supervisor "why is it necessary to do us (i.e. hourly wage workers) like this" and because [Plaintiff] was a black male [he] was unfairly retaliated against."[24] Plaintiff also alleges that Plaintiff's workplace complaints relating to the treatment of "hourly wage workers" resulted in his termination. *Id.*; Pl.'s Resp., Doc. No. 17 at 11 (stating that "McFadden verbally threatened Plaintiff regarding overtime hours, hence, the retaliation executed and carried out by [Gonzalez]").

Title VII does not protect against the termination of employees who complain as to the treatment of hourly wage workers. *See Brown*, 406 Fed. Appx. at 840 (holding that Title VII does not protect against the termination of employees who complain as to "unfair work distribution, unpaid overtime, and selective enforcement of a lunch policy" shortly before termination). Nor does § 1981 protect against the termination of employees for reasons unrelated to race. *See Comcast Corp.*, 140 S.Ct. at 1014. Plaintiff fails to plausibly allege that the Defendants intended to discriminate based upon race and that Plaintiff's termination concerned a protected activity undertaken in opposition to discrimination. Plaintiff's conclusory statement asserting that, "because [plaintiff] was a black male [he] was unfairly retaliated against" is insufficient to

---

[20] Mot. to Dismiss, Doc. No. 12 at 8.
[21] *Id.* at 9.
[22] *Id.*
[23] Compl., Doc. No. 1 at 5.
[24] *Id.*

8

plausibly plead a retaliation claim under either Title VII or § 1981.[25] For these reasons, Plaintiff has failed to establish a prima facie case of retaliation under Title VII or § 1981.

Plaintiff has failed to state a claim for discrimination or retaliation under Title VII or 42 U.S.C. § 1981 pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, the Court does not reach the issues of: insufficiency of service of process under Rule 12(b)(5); suits against non-existent entities (i.e. Schlumberger); and Title VII claims against individual employees, Gonzalez and McFadden. To the extent that Plaintiff now alleges discrimination or retaliation claims based upon color, sex, or gender that were not raised in his EEOC charge, Plaintiff has equally failed to plausibly plead any facts supporting such claims.[26] Because Plaintiff has failed to plausibly plead facts to support any discrimination or retaliation claims based upon color, sex, or gender, such claims should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Conclusion

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. No. 12) pursuant to Federal Rules of Civil Procedure 12(b)(6) be **GRANTED** and that Plaintiff's claims be dismissed with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[25] *See* Compl., Doc. No. 1 at 5.
[26] *See* Compl., Doc. No. 1 *generally*; *see also* Pl.'s Resp., Doc. No. 17 at 2, 13.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of December, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE